1  David R. Flyer, Bar #100697
   Raquel Flyer Dachner, Bar #282248
2  **FLYER & FLYER, A Professional Law Corporation**
   4120 Birch St., Ste. 101
3  Newport Beach, CA 92660
   (949) 622-8445
4  (949) 622-8448 (fax)
   davidflyer@flyerandflyer.com
5  raquelflyer@flyerandflyer.com

6  Attorneys for Plaintiff
   FIVES INVESTMENTS, LLC
7

8          IN THE UNITED STATES DISTRICT COURT FOR

9              THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  FIVES INVESTMENTS, LLC,          )  Case No. **'23 CV 2045 BEN KSC**
                                      )
12           Plaintiff,               )  **COMPLAINT FOR PATENT**
                                      )  **INFRINGEMENT, BASED ON:**
13  vs.                               )
                                      )  **(1) DIRECT INFRINGEMENT**
14  NANOLEAF CANADA LIMITED, a        )  **(2) DOCTRINE OF**
    Canadian company, and DOES 1 TO 10, )  **EQUIVALENTS**
15                                    )
             Defendants.              )  **U.S. Patent No. 9,148,938**
16                                    )
    _____ )  **PLAINTIFF DEMANDS TRIAL**
17                                    )  **BY JURY**

18

19  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

20          Plaintiff FIVES INVESTMENTS, LLC., alleges and avers as follows:

21                          **THE PARTIES**

22          1.    Plaintiff FIVES INVESTMENTS, LLC, ("FIVES INVESTMENTS") is a

23  limited liability company organized and existing under the laws of the State of

24  California.  Its principal place of business is in Solana Beach, California.  FIVES

25  INVESTMENTS owns US Patent No. 9,148,938 B2 for a smart multi-dimensional

26  light cell.

27          2.    Defendant NANOLEAF CANADA LIMITED, ("NANOLEAF") is a

28  Canadian Company, that sells and markets its products with the U.S. Southern

                                   -1-
                                                              COMPLAINT

1  District of California, and over the internet sells and markets throughout the United

2  States, in contravention of Plaintiff's Patent.

3       3.   Plaintiff is unaware of the true identities of DOES 1 through 10,

4  inclusive, and accordingly sues said Defendants by fictitious names. Plaintiff will ask

5  leave of Court to amend the Complaint to insert the true names of said Defendants

6  when ascertained. Said Defendants are responsible for the events and damages set

7  forth below.

8       4.   Each of the Defendants was the agent, servant and/or employee of the

9  remaining Defendants, and in doing the things herein alleged was acting in the scope

10 of said agency or employment and/or in concert with said other Defendants, and/or

11 ratified the acts of said Defendants.

12                        **JURISDICTION AND VENUE**

13      5.   This action for patent infringement arises under the Patent Laws of the

14 United States, Title 35, United States Code, including 35 U.S.C. §§271 et seq.

15      6.   Jurisdiction is exclusively conferred on this District Court pursuant to

16 28 U.S.C. §1338(a).

17      7.   Venue is proper in this District Court under 28 U.S.C. §§1391(f)(1) and

18 1400(b).

19                         **PATENTS IN SUIT**

20      8.   On September 29, 2015, U.S. Patent No. 9,148,938 B2, entitled SMART

21 MULTI-DIMENSIONAL LIGHT CELL ARRANGEMENT, ("the '938 Patent") was

22 duly and legally issued to inventor Samir Hanna Safar. A copy of the '938 Patent is

23 attached hereto as Exhibit "A."

24      9.   Samir Hanna Safar assigned and transferred to FIVES INVESTMENTS

25 all rights, title and interest in the inventions described in the '938 Patent.

26      10.  The '938 Patent belongs to the field of light sources and more

27 particularly relates to a novel and useful arrangement of light cells into a multi-

28 dimensional light source which can be displayed in a continuous manner, being

COMPLAINT

1   connected to a single power source, where the individual, connected cells are capable
2   of unlimited configurations, as well as being capable of wireless control. Figure 1 of
3   Exhibit "A" is one embodiment of the Patent with hexagonal, connected cells, and
4   appears as follows:



23       11.    Defendant NANOLEAF advertises and sells the "Nanoleaf Canvas,"
24   which it advertises on its website at
25   https://nanoleaf.me/en-US/products/nanoleaf-canvas/?category=canvas as "Touch-
26   sensitive, modular light squares with edgeless lumination come with everything you
27   need to start your RGBW installation." Advertised as having "Customisable
28   Layouts," as:

-3-

COMPLAINT

1  Square panels connect on all four sides for endless design
2  possibilities. Staggered Linker Slots allow you to arrange
3  your Canvas squares side by side or in an offset position,
4  giving even more versatility for totally unique creations!
5  Pictured below is the advertised, Accused Product Nanoleaf Canvas:



16                    ## COUNT I

17              **(Direct Infringement)**

18                 Against All Defendants

19      12.    The allegations of paragraphs 1 through 11 above are repeated and

20  realleged as if set forth fully herein.

21      13.    Upon information and belief, Defendant NANOLEAF infringed and is

22  presently infringing the '938 Patent by making, using, selling, importing and/or

23  offering to sell within the United States, and within this Judicial District, products

24  that employ the inventions of the said Patent.  The Accused Product which disparages

25  Plaintiff's patented inventions is sometimes referred to as the "Nanoleaf Canvas."

26      14.    Upon information and belief, the infringement by said Defendants has

27  been willful and deliberate.

28  ///

-4-

15.     Plaintiff has been damaged as a result of the infringing activities of said Defendants and will continue to be damaged unless such activities are enjoined by this Court.

## COUNT II

### (Doctrine of Equivalents)

Against All Defendants

16.     The allegations of paragraphs 1 through 15 above are repeated and realleged as if fully set forth herein.

17.     The products being sold by Defendants are different only in minor and unimportant ways from the inventions for which Patent No. '938 was issued to Plaintiff.  Defendants' products appear in substantially the same shape and form as the patented inventions.  There are no material differences between them.  Therefore, Defendants' use, sale, importing and offering for sale of products  which are virtually identical to the patented inventions described in Paragraph No. 8, infringe on Plaintiff's Patent.

WHEREFORE, FIVES INVESTMENTS prays for judgment and relief including:

(a)     a declaration that Defendant NANOLEAF infringed and continues to infringe the '938 Patent;

(b)     an injunction against Defendants' continued infringement of the said Patent;

(c)     an accounting for damages resulting from Defendants' infringement and that the damages so ascertained be trebled because of the willful and deliberate nature of Defendants' conduct;

(d)     the disgorgement of Defendants' total profits from sale of said infringing products;

(e)     an assessment of interest on the damages so computed;

///

-5-

COMPLAINT

[C:\ALL FILES\A2177\Drafts\Complaint-FFpld.wpd]

1     (f)    an award of FIVES INVESTMENTS' attorneys fees and costs of this

2  action; and for

3     (g)    such other and further relief as this Court deems just and appropriate.

4

5                                    Respectfully submitted,

6                                    FLYER & FLYER, A PROFESSIONAL
                                     LAW CORPORATION
7

8  Dated:  November 6, 2023     By: _____
                                    David R. Flyer
9                                   Raquel Flyer Dachner
                                    Attorneys for
10                                  Plaintiff FIVES INVESTMENTS, LLC

11

12 **PLAINTIFF DEMANDS TRIAL BY JURY**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

[C:\ALL FILES\A2177\Drafts\Complaint-FFpld.wpd]