David R. Flyer, Bar #100697
Raquel Flyer Dachner, Bar #282248
**FLYER & FLYER, A Professional Law Corporation**
4120 Birch St., Ste. 101
Newport Beach, CA 92660
(949) 622-8445
(949) 622-8448 (fax)
davidflyer@flyerandflyer.com
raquelflyer@flyerandflyer.com

Attorneys for Plaintiff
FIVES INVESTMENTS, LLC

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVES INVESTMENTS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>NANOLEAF CANADA LIMITED, a Canadian company, and DOES 1 TO 10,<br><br>    Defendants. | Case No. 3:23-cv-2045 DMS KSC<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, BASED ON:**<br>**(1) DIRECT INFRINGEMENT**<br>**(2) DOCTRINE OF EQUIVALENTS**<br>**U.S. Patent No. 9,148,938**<br><br>U.S. District Judge:<br>    Hon. Dana M. Sabraw<br>Courtroom:         13A<br>U.S. Magistrate Judge:<br>    Hon. Karen S. Crawford<br>Courtroom:         2B<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS:

Plaintiff FIVES INVESTMENTS, LLC., alleges and avers as follows:

## THE PARTIES

1.  Plaintiff FIVES INVESTMENTS, LLC, ("FIVES INVESTMENTS") is a limited liability company organized and existing under the laws of the State of California. Its principal place of business is in Solana Beach, California. FIVES INVESTMENTS owns US Patent No. 9,148,938 B2 for a smart multi-dimensional

-1-

light cell.

2. Defendant NANOLEAF CANADA LIMITED, ("NANOLEAF") is a Canadian Company, that sells and markets its products within the U.S. Southern District of California, and over the internet sells and markets throughout the United States, in contravention of Plaintiff's Patent.

3. Plaintiff is unaware of the true identities of DOES 1 through 10, inclusive, and accordingly sues said Defendants by fictitious names. Plaintiff will ask leave of Court to amend the Complaint to insert the true names of said Defendants when ascertained. Said Defendants are responsible for the events and damages set forth below.

4. Each of the Defendants was the agent, servant and/or employee of the remaining Defendants, and in doing the things herein alleged was acting in the scope of said agency or employment and/or in concert with said other Defendants, and/or ratified the acts of said Defendants.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. §§271 et seq.

6. Jurisdiction is exclusively conferred on this District Court pursuant to 28 U.S.C. §1338(a).

7. Venue is proper in this District Court under 28 U.S.C. §§1391(f)(1) and 1400(b).

## PATENTS IN SUIT

8. On September 29, 2015, U.S. Patent No. 9,148,938 B2, entitled SMART MULTI-DIMENSIONAL LIGHT CELL ARRANGEMENT, ("the '938 Patent") was duly and legally issued to inventor Samir Hanna Safar. A copy of the '938 Patent is attached hereto as Exhibit "A."

9. Samir Hanna Safar assigned and transferred to FIVES INVESTMENTS

all rights, title and interest in the inventions described in the '938 Patent.

10. The '938 Patent belongs to the field of light sources and more particularly relates to a novel and useful arrangement of light cells into a multi-dimensional light source which can be displayed in a continuous manner, being connected to a single power source, where the individual, connected cells are capable of unlimited configurations, as well as being capable of wireless control. Figure 1 of Exhibit "A" is one embodiment of the Patent with hexagonal, connected cells, and appears as follows:



11. Defendant NANOLEAF advertises and sells the "Nanoleaf Canvas,"

which it advertises on its website at https://nanoleaf.me/en-US/products/nanoleaf-canvas/?category=canvas as "Touch-sensitive, modular light squares with edgeless lumination come with everything you need to start your RGBW installation." The stock keeping unit numbers for some of the Accused Product are identified as NL29-0003SW-9PK, NL29-3013SW-13PK, and NL42-7003HX-7PK. The Accused Product is advertised as having "Customisable Layouts," as:

> Square panels connect on all four sides for endless design possibilities. Staggered Linker Slots allow you to arrange your Canvas squares side by side or in an offset position, giving even more versatility for totally unique creations!

Pictured below is the advertised, Accused Product Nanoleaf Canvas:



## COUNT I

### (Direct Infringement)

### Against All Defendants

12. The allegations of paragraphs 1 through 11 above are repeated and realleged as if set forth fully herein.

13. Upon information and belief, Defendant NANOLEAF directly infringed and is presently directly infringing the '938 Patent, Claim 1, by making, using, selling, importing and/or offering to sell within the United States, and within this Judicial District, products that employ the inventions of the said Patent. The Accused Product which disparages Plaintiff's patented inventions is sometimes referred to as the "Nanoleaf Canvas." The above descriptions, diagrams and references to Defendant's internet advertising provide the facts demonstrating that each limitation of Claim 1 is met in the Accused Product.

15. The elements of the '938 Patent, Claim 1 are: A smart multi-dimensional light cell assembly comprised of the following:

–a primary light cell unit called a mother cell;

–a plurality of ancillary light cell units called sisters cells;

–a background holding material;

–a control module electrically connected to said mother cell and having a Bluetooth module and a logic module;

–a control module electrically connected to said sister cells and having a Bluetooth module and a logic module; and

–a smart device wirelessly connected to said control modules for selective switching on and off of said mother cell and said sister cells according to user input received via a mobile software application residing on the smart device, characterized in that the mother cell is electrically connected to an AC or DC electrical power source and to the adjoining sister cells, the mother cell and the plurality of sister cells being provided on the background holding material in a continuous arrangement.

16. The Accused Product practices each and every element of Plaintiff's inventions as taught in the '938 Patent, including but not limited to, a smart multidimensional light cell assembly comprised of multiple styles of 2-D shapes with a primary light cell and many interconnected light cells, that emit light upon power

being supplied, and which are controlled via wireless signals using a mobile application.  All the shapes can be held together in the form of an assembly on a background with the help of links and mounting tape.

17.  Upon information and belief, the infringement by said Defendants has been willful and deliberate.  The facts giving rise to willful and deliberate infringement are that Defendant was given a first written notice on March 31, 2023, and Defendant responded in writing by requesting clarification.  Defendant did not cease to directly infringe on the '938 Patent, Claim 1.  Defendant was given a second written notice on August 15, 2023 with the requested clarification.  Defendant did not respond and Defendant did not cease to directly infringe on the '938 Patent, Claim 1.  Prior to the written notices, Defendant was willful and reckless in commencing mass production, advertising, importing and selling the Accused Product in the United States without performing reasonable due diligence investigation of intellectual property rights.

18.  Plaintiff has been damaged as a result of the infringing activities of said Defendants and will continue to be damaged unless such activities are enjoined by this Court.

## COUNT II

**(Doctrine of Equivalents)**

Against All Defendants

19.  The allegations of paragraphs 1 through 18 above are repeated and realleged as if fully set forth herein.

20.  The Accused Product being sold by Defendants is different only in minor and unimportant ways from the inventions for which Patent No. '938 was issued to Plaintiff.  Defendants' Accused Product appears in substantially the same shape and form, works in the same way, and produces the same result as the patented inventions.  There are no material differences between them.  Therefore, Defendants' use, sale,

importing and offering for sale of Accused Product which is virtually identical to the patented inventions described in Paragraph Nos. 8-10, infringes on Plaintiff's Patent.

WHEREFORE, FIVES INVESTMENTS prays for judgment and relief including:

(a) a declaration that Defendant NANOLEAF infringed and continues to infringe the '938 Patent;

(b) an injunction against Defendant's continued infringement of the said Patent;

(c) an accounting for damages resulting from Defendant's infringement and that the damages so ascertained be trebled because of the willful and deliberate nature of Defendant's conduct;

(d) the disgorgement of Defendant's total profits from sale of said infringing products;

(e) an assessment of interest on the damages so computed;

(f) an award of FIVES INVESTMENTS' attorneys fees and costs of this action; and for

(g) such other and further relief as this Court deems just and appropriate.

FLYER & FLYER, A PROFESSIONAL LAW CORPORATION

Dated: January 17, 2024   By: /s/ David R. Flyer
David R. Flyer
Raquel Flyer Dachner
Attorneys for
Plaintiff FIVES INVESTMENTS, LLC

**PLAINTIFF DEMANDS TRIAL BY JURY**