**NORTON ROSE FULBRIGHT US LLP**
Katherine G. Connolly (SBN 313640)
katie.connolly@nortonrosefulbright.com
555 California Street, Suite 3300
San Francisco, CA 94104
Telephone: (628) 231-6800
Facsimile: (628) 231-6799

**NORTON ROSE FULBRIGHT US LLP**
Robert Greeson (admitted *Pro Hac Vice*)
Robert.greeson@nortonrosefulbright.com
Vlada Wendel (admitted *Pro Hac Vice*)
Vlada.Wendel@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

Attorney for *Defendant* NANOLEAF CANADA LIMITED

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVES INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NANOLEAF CANADA LIMITED, a Canadian company, and DOES 1 TO 10,<br><br>Defendants. | Case No.  23-cv-2045-DMS-KSC<br><br>JURY TRIAL DEMANDED<br><br>**DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |

DOCUMENT PREPARED ON RECYCLED PAPER

Defendant NANOLEAF CANADA LIMITED ("Nanoleaf" or "Defendant") hereby submits its Answer to Plaintiff FIVES INVESTMENTS, LLC's ("Fives" or "Plaintiff") First Amended Complaint ("FAC") and states as follows:

## ANSWER

Nanoleaf responds to the allegations contained in the numbered paragraphs of Fives's FAC below. Nanoleaf denies all allegations and characterizations in the FAC unless expressly admitted in the following paragraphs.

## THE PARTIES

1. Nanoleaf is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC.

2. Nanoleaf admits that it is a Canadian Company. Nanoleaf denies any remaining allegations in Paragraph 2 of the FAC.

3. Nanoleaf is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FAC.

4. Nanoleaf is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the FAC.

## JURISDICTION AND VENUE

5. Nanoleaf admits that this FAC purports to set forth an action for patent infringement under the patent laws of the Untied States, 35 U.S.C. §§ 271 et seq.

6. Nanoleaf admits that the jurisdiction is exclusively conferred on this District Court pursuant to 28 U.S.C. § 1338(a).

7. Nanoleaf does not contest venue in this action.

## PATENTS IN SUIT

8. Nanoleaf admits that on its face the U.S. Patent No. 9,148,938 B2 ("the '938 Patent") is entitled SMART MULTI-DIMENSIONAL LIGHT CELL ARRANGEMENT, lists Samir Hanna Safar as an inventor, and has an issue date of September 29, 2015. Nanoleaf further admits that a purported copy of the '938 Patent is attached as Exhibit A. Nanoleaf is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

DOCUMENT PREPARED
ON RECYCLED PAPER

- 2 -

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Paragraph 8 of the FAC.

9. Nanoleaf is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the FAC.

10. Nanoleaf denies the allegations in Paragraph 10 of the FAC.

11. Nanoleaf admits Paragraph 11 of the FAC.

## COUNT I

### (Direct Infringement against All Defendants)

12. Nanoleaf incorporates by reference its responses to the allegations contained in Paragraphs 1 through 12 of the FAC.

13. Nanoleaf denies the allegations in Paragraph 13 of the FAC.

15. Nanoleaf admits that Paragraph 15 of the FAC purports to recite the language from Claim 1 of the '938 Patent.[1]

16. Nanoleaf denies the allegations in Paragraph 16 of the FAC.

17. Nanoleaf denies the allegations in Paragraph 17 of the FAC.

18. Nanoleaf denies the allegations in Paragraph 18 of the FAC.

## COUNT II

### (Doctrine of Equivalents against All Defendants)

19. Nanoleaf incorporates by reference its responses to the allegations contained in Paragraphs 1 through 18 of the FAC.

20. Nanoleaf denies the allegations in Paragraph 20 of the FAC.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Nanoleaf denies that Plaintiff is entitled to any relief from Nanoleaf, including but not limited to the relief sought in Paragraphs (a) – (g) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Nanoleaf's Affirmative Defenses are listed below. Nanoleaf reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this action.

## FIRST AFFIRMATIVE DEFENSE

---

[1] As the FAC skips numbered paragraph 14, Nanoleaf also skips numbered paragraph 14 for consistency.

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### Non-Infringement

Nanoleaf has not infringed and does not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '938 Patent, under any theory of infringement, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), willfully, or otherwise. Further, to the extent that Plaintiff asserts that Nanoleaf indirectly infringes, either by contributory infringement or inducement of infringement, Nanoleaf is not liable to Plaintiff for the acts alleged to have been performed before Nanoleaf knew that its actions would cause indirect infringement.

### SECOND AFFIRMATIVE DEFENSE

### Invalidity

The claims of the '938 Patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitations, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

### Failure to Mark

Fives and/or its licensees have failed to comply with the marking requirements of 35 U.S.C. § 287 or otherwise give proper notice that Nanoleaf's actions allegedly infringed any claim of the '938 Patent. Nanoleaf is not liable to Fives for the acts alleged to have been performed before Nanoleaf received actual notice that it was allegedly infringing the '938 Patent.

### FOURTH AFFIRMATIVE DEFENSE

### No Injunctive Relief

Fives is not entitled to injunctive relief for the '938 Patent because any alleged injury to Fives is not immediate or irreparable, Fives has an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

### FIFTH AFFIRMATIVE DEFENSE

### Prosecution History Estoppel and Disclaimer

Fives is precluded from construing any valid claim of the '938 Patent to be infringed, literally or under the Doctrine of Equivalents. On information and belief, Fives made admissions,

- 4 -

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Document Prepared on Recycled Paper

omissions, arguments, amendments, representations, disclaimers, disavowals, and/or statements of the U.S. Patent and Trademark Office (a) during prosecution of the '938 Patent, (b) in the specification and claims of the '938 Patent, and/or (c) during the prosecution of patents and applications related to the '938 Patent which clearly and unmistakably surrender the scope of the claims. Therefore, Fives is forbidden from recapturing this subject matter.

### SIXTH AFFIRMATIVE DEFENSE

### Equitable Doctrines

Plaintiff's attempted enforcement of the '938 Patent is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### Attorneys' Fees and Costs

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and increased damages under 35 U.S.C. §§ 284 or 285.

### EIGHT AFFIRMATIVE DEFENSE

### No Willful Infringement

Should Defendant be found to infringe any valid, enforceable claim of the '938 Patent, such infringement was not willful.

### COUNTERCLAIMS

Counterclaim Plaintiff NANOLEAF CANADA LIMITED ("Nanoleaf" or "Counterclaim Plaintiff") brings the following counterclaims against Counterclaim Defendant FIVES INVESTMENTS, LLC ("Fives" or "Counterclaim Defendant") and DOES 1 through 10 and states as follows:

### PARTIES

1. Nanoleaf is a corporation organized and existing under the laws of Canada.

2. Upon information and belief based solely on Paragraph 1 of the FAC, Fives is a limited liability company organized and existing under the laws of the State of California with a principal place of business in Solana Beach, California.

3. Nanoleaf is unaware of the true identities of DOES 1 through 10, inclusive, and

- 5 -

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCUMENT PREPARED ON RECYCLED PAPER

accordingly sues Counterclaim Defendants by fictitious names.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02. An actual controversy exists between Fives and Nanoleaf regarding the invalidity of the U.S. Patent No. 9,148,938 B2 ("the '938 Patent").

5. Fives has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its FAC.

6. By virtue of its filing this action, Fives has also consented that venue is permissible in this District pursuant to at least 28 U.S.C. § 1400(b).

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '938 PATENT**

7. Nanoleaf restates and incorporates by references the allegations contained in Paragraphs 1 through 6 of its counterclaims.

8. Based on Fives' filing of this action and at least Nanoleaf's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Nanoleaf infringes the '938 Patent.

9. Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a primary light cell unit called a mother cell."

10. Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a plurality of ancillary light cell units called sisters cells."

11. Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a background material."

12. Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a control module electrically connected to said mother

DOCUMENT PREPARED ON RECYCLED PAPER

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

cell and having a Bluetooth module and a logic module."

13.     Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a control module electrically connected to said sister cells and having a Bluetooth module and a logic module."

14.     Nanoleaf does not infringe at least Claim 1 of the '938 Patent because, among other things, no system or method employed or process practiced by Nanoleaf includes "[a] smart multi-dimensional light assembly" that includes "a smart device wirelessly connected to said control modules for selective switching on and off of said mother cell and said sister cells according to user input received via a mobile software application residing on the smart device, characterized in that the mother cell is electrically connected to an AC or DC electrical power source and to the adjoining sister cells, the mother cell and the plurality of sister cells being provided on the background holding material in a continuous arrangement."

15.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Nanoleaf requests a declaration by the Court that Nanoleaf has not infringed and does not infringe any claim of the '938 Patent under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

**DECLARATION REGARDING INVALIDITY OF THE '938 PATENT**

16.     Nanoleaf restates and incorporates by references the allegations contained in Paragraphs 1 through 15 of its counterclaims.

17.     Nanoleaf asserts that claims of the '938 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to in 35 U.S.C. §§ 102, 103, and 112.

18.     The claims of the '938 Patent are anticipated and/or rendered obvious by several prior patents and/or patent publications. For example, European Patent Publication EP 2 363 631 A2 to Ben Wirth ("Wirth") describes every claim feature.

19.     By way of illustration, Claim 1 of the '938 Patent recites "[a] smart multi-dimensional light cell assembly." *See, e.g.,* Wirth at Abstract.

- 7 -

DOCUMENT PREPARED
ON RECYCLED PAPER

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1    20.    Claim 1 of the '938 Patent further recites "a primary light cell unit called a mother cell." Wirth also discloses this limitation. *See, e.g., id.* at [0002].

    21.    Claim 1 of the '938 Patent yet further recites "a plurality of ancillary light cell units called sisters cells." Wirth also discloses this limitation. *See, e.g., id.*

    22.    In addition to Wirth and the prior art references which will be identified in discovery, the features of the claims of the '938 Patent are disclosed by, alone or in combination, U.S. Patent No. 8,303,366; U.S. Patent No. 7,508,141; U.S. Patent No. 9,243,790; U.S. Patent Application No. 2013/0322082; U.S. Patent Application No. 2010/0245109; Chinese Patent No. CN 10,496,9278; German Patent Publication No. DE 10 2008 014 172; German Patent Publication No. DE 10 2010 010 343; and European Patent Application No. EP 2 362 132.

## NANOLEAF'S PRAYER FOR RELIEF

Nanoleaf, reserving its right to amend the pleadings to add additional counterclaims and defenses, if warranted by discovery, prays for the following relief:

   a. A declaration that Nanoleaf did not infringe, has not infringed, and does not infringe any claim of the '938 Patent;

   b. A declaration that the claims of the '938 Patent are invalid;

   c. A judgment dismissing Fives' FAC with prejudice, and adjudging that Fives take nothing by its FAC;

   d. A judgment enjoining Fives and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Fives from charging infringement or instituting any legal action for infringement of the '938 Patent or any related patent against Nanoleaf or anyone acting in privity with Nanoleaf;

   a. An award of expenses, costs, and disbursement in this action; and

   b. Such other and further relief, whether legal, equitable, or otherwise, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Nanoleaf hereby demands a trial by jury of all issues so triable.

DOCUMENT PREPARED ON RECYCLED PAPER

| | |
|---|---|
| Dated: January 31, 2024 | **NORTON ROSE FULBRIGHT US LLP** |
| | By  */s/ Katherine G. Connolly* |
| | Katherine G. Connolly (SBN 313640)<br>katie.connolly@nortonrosefulbright.com<br>555 California Street, Suite 3300<br>San Francisco, CA 94104<br>Telephone: (628) 231-6800<br>Facsimile: (628) 231-6799 |
| | **Attorney for *Defendant* NANOLEAF CANADA LIMITED** |

- 9 -

DEFENDANT NANOLEAF CANADA LIMITED'S ANSWER, DEFENSES AND COUNTERCLAIMS
TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

DOCUMENT PREPARED
ON RECYCLED PAPER